IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA



FILED ___ RECEIVED
✓ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 1 6 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

GLOBAL ADVANCED METALS USA, INC.,

Plaintiff,

v.

KEMET BLUE POWDER CORPORATION,

Defendant.

Case No.: 3:11-CV-0793-RCJ-VPC

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff Global Advanced Metals USA, Inc. ("GAM") and Defendant KEMET Blue Powder Corporation ("KEMET") each intends to seek discovery from the other and may seek discovery from third parties;

WHEREAS, the parties believe that entry of the following protective order will promote efficient discovery and serve the interests of justice;

NOW THEREFORE, pursuant to Rule 26 of the Federal Rules of Civil Procedure, GAM and KEMET stipulate and agree as follows:

1. This Order shall apply to all information, documents, testimony and things (collectively, "information") produced in discovery, including but not limited to deposition testimony pursuant to Fed. R. Civ. P. 30 and 31, answers to interrogatories pursuant to Fed. R. Civ. P. 33, documents and other things produced pursuant to Fed. R. Civ. P. 34 or subpoena under Fed. R. Civ. P. 45, information obtained from inspections of premises and things pursuant to Fed. R. Civ. P. 34, and answers to requests for admission pursuant to Fed. R. Civ. P. 36.

2.     All information produced in discovery by any party or non-party shall be used solely for the purpose of this litigation and any appeals, and for no other purpose.

## CONFIDENTIAL DOCUMENTS

3.     Any party may designate information produced by any party or third party as "CONFIDENTIAL." Any such designation shall be based on a good faith belief that the designated information constitutes or reveals a trade secret or other confidential or proprietary research, development, business or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G). Included in this category may be the following types of information:

   (a)     Product specifications, drawings, notes, e-mail, schematics, code and other marketing, research, product, development, or technical documents or things for past, present, or future products;

   (b)     Information disclosing the designating party's planned or actual unit sales or revenue;

   (c)     Information disclosing the designating party's future: (1) advertising or marketing plans; (2) production development plans; (3) forecasts of trends in technology, marketing or product development strategies of the designating party's competitors, demand for the designating party's products, or demand for the products of the designating party's competitors;

   (d)     Information disclosing the strategies employed by the designating party in determining the pricing of any of its products;

   (e)     Information disclosing the designating party's costs of development for any product;

- 2 -

(f)     Information disclosing, with regard to any of the designating party's customers, distributors, or resellers (hereafter "Customers"): (1) the terms of any Customer(s) distribution agreement; (2) the designating party's internal discussions concerning any specific Customer; (3) the details of any promotional or co-marketing program offered to Customers;

(g)     Information from third parties that the designating party has agreed to hold in confidence;

(h)     Information disclosing the designating party's attempted acquisitions of, joint ventures with, or licenses of technology from third parties;

4.   Information may be designated "CONFIDENTIAL" as follows:

(a)     With respect to documents produced by the designating party, by marking each page with one of the following legends: "CONFIDENTIAL" or "CONFIDENTIAL--UNDER PROTECTIVE ORDER";

(b)     With respect to deposition testimony, by making such designation on the record or by letter sent within 10 business days of receipt of the official transcript, or such other time which may be agreed upon in writing;

(c)     With respect to any other thing, by marking the thing in a conspicuous manner with one of the following legends: "CONFIDENTIAL" or "CONFIDENTIAL--UNDER PROTECTIVE ORDER";

5.   After designation and until further order, "CONFIDENTIAL" information shall not be disclosed to any person other than:

(a)     The parties to this litigation, including their officers, directors, and employees as reasonably necessary to the prosecution and/or defense of this litigation;

(b) Outside and in-house counsel for the parties to this litigation, including employees of counsel who are assisting in the prosecution and/or defense of the litigation, and employees of any firm retained to copy or otherwise reproduce, catalogue, or present the information for use in accordance with this Order;

(c) Expert witnesses and consultants, retained by the parties to assist in the prosecution and/or defense of the litigation, including employees or independent contractors of such expert witnesses and consultants, provided the requirements of paragraph 12 have been met;

(d) The Court and Court personnel, pursuant to paragraph 18 of this Order;

(e) Any reporter or video operator recording or transcribing a deposition in the litigation;

(f) Actual or potential deposition or trial witnesses in this litigation, if the witness previously saw or received (if that person(s) is expressly listed as an addressee or having been copied) the information in the normal course of business.

(g) No "CONFIDENTIAL" information shall be disclosed to any person identified in subparagraphs (a), (c) or (f) above unless the person has read and agreed to be bound by this Order and has endorsed a declaration in the form attached hereto as Exhibit A, which declaration shall be retained by counsel.

6. The persons described in paragraph 5 above may have full access to "CONFIDENTIAL" information as necessary for the prosecution and/or defense of the litigation, but are prohibited from using or disclosing it for any other purpose, including any business, governmental or commercial purpose, or any other administrative or judicial proceedings or actions.

4832-0672-0783.3

## HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY DOCUMENTS

7. Any party may designate information produced by any party or third party as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Any such designation shall be based on a good faith belief that the information constitutes or reveals a trade secret or other confidential or proprietary research, development, business, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), including but not limited to particularly sensitive information of the nature described in Paragraph 3, and that such information is entitled to a higher level of protection than that provided information designated pursuant to paragraph 3 above because of the commercial sensitivity of the information.

8. Information may be designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as follows:

   (a) With respect to documents produced by the designating party, by marking each page with the following legend: "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

   (b) With respect to deposition testimony, by making such designation on the record or by letter sent within 10 business days of receipt of the transcript, or such other time as may be agreed upon in writing.

   (c) With respect to other things, by marking the things in a conspicuous manner with the following legend: "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

9. After designation, and until further order, "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall not be disclosed to any person other than:

4832-0672-0783.3

(a) Outside counsel for the parties to the litigation, including regular employees of counsel who are assisting in the prosecution and/or defense of this litigation, and employees of any firm retained to copy or otherwise reproduce, catalogue, or present the information for use in accordance with this Order;

(b) Expert witnesses and consultants, including but not limited to jury consultants and mock jurors employed by them, retained by the parties to assist in the prosecution and/or defense of this litigation, including employees and independent contractors of such expert witnesses and consultants, provided that the requirements of paragraph 12 have been met;

(c) The Court and Court personnel, pursuant to paragraph 18 of this Order;

(d) Any reporter or video operator recording or transcribing a deposition in the litigation or the related litigations;

(e) Actual or potential deposition or trial witnesses in the litigation or the related litigations to the extent reasonably necessary to prepare the witness to testify concerning the litigation, <u>provided</u> that the witness created, or previously saw or received (if that person(s) is expressly listed as an addressee or having been copied) the information in the normal course of business;

(f) No "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall be disclosed to any person identified in subparagraphs (b) or (e) above unless the person has read and agreed to be bound by this Order and has endorsed a declaration in the form attached hereto as Exhibit A, which declaration shall be retained by counsel.

10. The persons described in paragraph 9 above may have full access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information as necessary for the

prosecution and/or defense of this litigation, but are prohibited from using or disclosing such information for any other purpose, including any business, governmental or commercial purpose, or any other administrative or judicial proceedings or actions.

## THIRD PARTY DESIGNATIONS

11. Any third party who produces information in this litigation and who agrees to be bound by the terms of this Order (also referred to herein as a "designating party") may designate certain highly proprietary information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if counsel for the third party in good faith believes that such discovery material reveals a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and that the material so designated fits within the definitions set forth in paragraphs 3 and 7 above. Disclosure of such material shall be limited as set forth in paragraphs 5 and 9, as appropriate.

## DISCLOSURE TO EXPERTS

12. Neither "CONFIDENTIAL" nor "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall be disclosed to any expert or consultant described in paragraphs 5(c) and 9(b) until such expert or consultant has been identified in writing to the designating party, including a curriculum vitae of the expert or consultant. The designating party shall have 7 days following receipt of such notice to object to the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information to an expert or consultant; provided that the designating party may not contact the expert or consultant at any time during the pendency of the litigation. If the parties after consultation cannot agree as to the propriety of disclosing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information to a

4832-0672-0783.3

particular expert or consultant, the party objecting to such disclosure shall move the Court for an order prohibiting such disclosure and shall bear the burden of obtaining the requested relief. In moving for such relief, there shall be no presumption for or against such motion arising from the parties' agreement to this stipulated Order. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information may be disclosed to an expert or consultant in the event of such a dispute unless and until the Court rules that such disclosure is permissible.

## GENERAL PROVISIONS

13. Counsel for a party or third party providing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information during deposition may request that all persons, other than persons entitled by this Order to have access to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information, leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question pending resolution of the issue by the Court.

14. In order to give the parties time to make the designations set forth above, the parties:

    (a) shall treat all information produced by a third party as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for 10 days after the third party produces the information to all parties; and

    (b) shall treat all "rough" and official deposition transcripts as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for 10 days after each official transcript is received by the parties.

4832-0672-0783.3

15. The special treatment accorded to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Order shall extend to and include:

(a) all copies, extracts, and complete or partial summaries prepared from such information;

(b) all information or documents derived from such information and all documents that discuss or refer to such information, including but not limited to deposition transcripts, deposition exhibits, and any portion of any discovery response, affidavit, brief, exhibit, or other papers filed with the Court.

16. Nothing in this Order prevents the use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information at trial of this litigation, but the parties thereto shall confer before trial to take reasonable steps to protect the confidentiality of such information at trial. Additionally, at trial, when "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information is about to be disclosed, either party may request that the Court order any individuals, including members of the public, leave the courtroom while such information is being disclosed. Either party may also request that all or portions of the hearing transcripts from such a proceeding be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information used at trial shall not lose its confidential or highly confidential status because of such use.

17.   In the trial of this litigation, no party shall, in the presence of the jury, refer to the fact that any information is or is not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

18.   In the event that counsel for any party determines to file with or submit to the Court in the litigation any document containing or referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information, such filing shall be made in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party maintaining that the paper must be filed under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu,* 447 F.2d 1172 (9th Cir. 2006). If the Court grants the request to file the document under seal, counsel shall file a sealed copy of the document with Chambers and also shall file a redacted copy of the document with the Clerk of the Court. The parties agree that the Court may adopt an alternative procedure for filing a document under seal and that such alternative procedure will govern the "filing under seal" procedure in this case.

19.   Entering into this Order, producing or receiving information, agreeing to produce or receive information, or otherwise complying with the terms of this Order shall not:

(a)   Operate as an admission that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information contains or reflects trade secrets or any other type of confidential information;

(b)   Prejudice in any way the rights of any party to object to the production of information it considers not subject to discovery;

(c)   Prejudice in any way the rights of a party to seek a court determination whether particular information should be produced;

(d) Prejudice in any way the right of any party to move for relief from or modification of this Order, generally or with respect to particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information;

(e) Prevent the parties from agreeing to modify or waive the provisions or protections provided herein, generally or with respect to any particular discovery information, provided that any modification or waiver as to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information designated by a third party shall require the consent of that designating third party, except by order of the Court;

(f) Limit in any way the use to which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material may be put by the designating party; or

(g) Prevent the designating party from causing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation to be removed from any material, without waiver of the protections of this Order, before said material is shown to the jury in the trial of this litigation, such that the designation is removed only for purposes of showing the material to the jury.

20. The inadvertent production (or making available for inspection) of documents or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver of any applicable privilege. Reasonably promptly upon learning of the inadvertent disclosure, the producing party must notify the receiving party of the inadvertent production and request return of the documents. If the receiving party becomes aware of specific materials that it believes may be subject to a claim of privilege by the producing party, the receiving party shall timely notify the producing party of

these specific materials. Upon being made aware of these materials, the producing party shall timely designate any such documents and request return of such documents to the producing party. Upon request by the producing party, the receiving party must promptly return or confirm destruction of all copies of such inadvertently produced materials. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but any such challenge shall not assert as a basis the fact or circumstances of the inadvertent production. If a claim is disputed, the receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court. In addition to any other obligation to preserve documents, the producing party must preserve any documents recalled under this Paragraph for the duration of this litigation.

21.   If a party objects to the designation of any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," it may so notify the designating party and all other parties in writing. The notice shall identify specifically the information from which the objecting party wishes to have the designation removed and specify the reasons why the declassification is sought. The challenged material shall be deemed declassified as proposed unless, within twenty (20) calendar days after service of the notice, the designating party has filed and served a motion for a protective order to maintain the original designation or to establish other confidentiality protections. The designating party shall bear the burden of demonstrating that information subject to such a motion is entitled to the protection claimed. Pending the Court's ruling on said motion and any appeal therefrom, all information

4832-0672-0783.3

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall retain such designation and remain subject to the terms of this Order.

22. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information is at any time subpoenaed or otherwise required to be produced by legal process by any person or entity not a party to this Order, the party to whom the subpoena or other legal process is directed shall use its best efforts not to produce such material without first giving the designating party written notice of, and a reasonable opportunity to oppose, the subpoena or other legal process. The party seeking such third-party information shall have the obligation to serve a copy of this protective order on such third party, referencing this Paragraph 22.

23. Within thirty (30) days after final resolution of this litigation, at the request of counsel for any party who designated information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," counsel for any party receiving such information shall collect all such information from all persons to whom it was disclosed, including all original documents, copies, summaries and extracts. Counsel who receives such information shall either return or destroy all such information and shall certify in writing to counsel for the designating party that all such information has been so returned or destroyed. In the case of archival media from which removal of designated materials would be very burdensome, counsel may be relieved from destroying the materials by providing a certification that the media is archival in nature, that removal would be a significant burden, and that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials will not be accessed under any circumstances. All information returned to the

parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

24.  This Order shall remain in force and effect until modified, superseded or terminated by the Court or by agreement of the parties, with approval of the Court. Notwithstanding the termination of this lawsuit or the pendency of any appeal, the Court shall have continuing jurisdiction and authority to enforce this Order and to address any alleged violation of this Order.

Entered this 14th day of July, 2012

_____
The Honorable Valerie P. Cooke
United States Magistrate District Judge

AGREED:

| GLOBAL ADVANCED METALS USA, INC. | KEMET BLUE POWDER CORPORATION |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Courtney Miller O'Mara | /s/ Mark A. Romeo |
| Allen J. Wilt (SBN 04798) | Mark A. Romeo (*pro hac vice*) |
| Courtney Miller O'Mara (SBN 10683) | CROWELL & MORING LLP |
| Lionel Sawyer & Collins | 3 Park Plaza, 20th Floor |
| 50 W. Liberty St., Suite 1100 | Irvine, CA 92614-8505 |
| Reno, NV 89501 | Tel.: 949-263-8400 |
| Tel/Fax: 775-788-8666/8682 | Fax: 949-263-8414 |
| | |
| Matthew B. Lowrie (*pro hac vice*) | |
| Kevin M. Littman (*pro hac vice*) | Robert L. Rosenthal |
| FOLEY & LARDNER LLP | HOWARD & HOWARD |
| 111 Huntington Avenue | 3800 Howard Hughes #1400 |
| Boston, MA 02199-7610 | Las Vegas, NV 89169 |
| Tel/Fax: 617-342-4000/4001 | Tel: 702-667-4809 |
| | Fax: 702-567-1568 |
| Dated: July 5, 2012 | |
| | Dated: July 5, 2012 |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL ADVANCED METALS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KEMET BLUE POWDER CORPORATION, <br><br> Defendant. | Case No.: 3:11-CV-0793-RCJ-VPC |

I, _____, declare as follows.

I have read the Agreed Protective Order entered in this litigation, understand its contents, and hereby undertake to make no disclosures of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information to any person who is not permitted to have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information pursuant to the Agreed Protective Order. In addition, I agree not to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" discovery material for any purpose whatsoever other than in connection with this litigation. I understand that a violation of this undertaking could be punishable as a contempt of Court and hereby submit to the jurisdiction of the Court for purposes of enforcement of this Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____        Signature:_____

                            Print Name:_____