# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL ADVANCED METALS USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEMET BLUE POWDER CORP., ) <br> ) <br> Defendant. ) <br> _____ ) | 3:11-cv-00793-RCJ-VPC <br><br> **ORDER** |

This case arises out of Defendant's alleged use of Plaintiff's trade secrets in designing and operating a Tantalum powder factory. Pending before the Court is Defendant's Motion to Dismiss and Strike (ECF No. 309). For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Cabot Corp. is a Delaware corporation with its principal place of business in Massachusetts that produced Tantalum powder and related products at its factory in Pennsylvania. (Compl. ¶¶ 1, 5, Apr. 9, 2008, ECF No. 1). The processes, methods, and techniques (the "Processes") Cabot developed for Tantalum production are not generally known or readily ascertainable, and Cabot made numerous efforts to maintain the secrecy of the Processes; in other words, the Processes are trade secrets. (*See id.* ¶¶ 6–10).

Niotan, Inc. was a Nevada corporation with its principal place of business in Nevada. (*Id.* ¶ 2). Niotan began operating a facility at the Comstock industrial Park in Mound House, Nevada in 2007, which facility is permitted by the Nevada authorities to produce 200 tons of Tantalum powder per year. (*Id.* ¶¶ 11–12). Niotan hired former Cabot employees (the "Employees") to

consult it on Tantalum production in connection with the development of the Mound House facility. (*Id.* ¶ 14). The Employees owed Cabot a duty of confidentiality under the terms of written agreements but nevertheless shared confidential information about the Processes with Niotan, and Niotan was aware of the Employees' former employment with Cabot, the fact that the Processes were trade secrets, and the fact that the Employees had signed confidentiality agreements prohibiting dissemination thereof. (*Id.* ¶¶ 15–18). Niotan hired the Employees for the express purpose of acquiring knowledge of the Processes. (*Id.* ¶ 19). As a result, Niotan was able to replicate the quality of Cabot's Tantalum powder, reduce its production costs, and begin production far earlier than otherwise would have been possible. (*Id.* ¶ 20).

Plaintiff sued Defendant in 2008 in the U.S. District Court for the Eastern District of Pennsylvania on six state law causes of action: (1) Trade Secret Misappropriation; (2) Tortious Interference with Contractual Relations; (3) Conversion; (4) Aiding and Abetting a Breach of Fiduciary Duty; (5) Unfair Competition and Unfair and Deceptive Trade Practices; and (6) Unjust Enrichment. Cabot demanded a jury trial and prayed for injunctive relief, restitution for unjust enrichment, and attorney's fees and costs. After filing the Complaint, Cabot Corp. sold the relevant portion of its business to Global Advanced Metals USA, Inc. ("GAM"), which company has been substituted as Plaintiff, and Kemet Electronics Corp. acquired Niotan as a subsidiary and changed Niotan's name to Kemet Blue Powder Corp. ("Kemet"), which company has been substituted as Defendant. The case was transferred to this District in 2011.

The Court granted a judgment on the pleadings in favor of Defendant as to the second through sixth claims as preempted under Nevada law after a choice-of-law analysis in favor of Nevada law. The Court denied a motion to reconsider. Plaintiff has filed the First Amended Complaint ("FAC"), which lists two causes of action: (1) Trade Secret Misappropriation; and (2) Tortious Interference with Contractual Relations. (*See* First Am. Compl., Jan. 25, 2013, ECF No. 261). Defendant has asked the Court to dismiss the second cause of action and strike paragraph

19 of the FAC.

## II. DISCUSSION

As Defendant correctly notes, the Court previously dismissed the second cause of action for Tortious Interference with Contractual Relations, because that claim (along with the third through sixth claims) were based upon the misappropriation of trade secrets and were therefore preempted under Nevada law. Defendant is correct that the Court only gave leave to amend to add a breach of contract claim, that Plaintiff has not chosen to so amend, and that no new facts are pled to support the previously dismissed tortious interference claim. Accordingly, the Court once again dismisses the second cause of action.

Defendant also asks the Court to strike paragraph 19 of the FAC because it is contrary to the previous factual findings of the U.S. District Court for the Eastern District of Pennsylvania before transfer. Paragraph 19 alleges that Defendant recruited and hired Plaintiff's former employees with the intention of misappropriating Plaintiff's trade secrets and harming Plaintiff. (*See id.* ¶ 19). The Court will strike paragraph 19, because it is indeed contrary to an express factual finding made by Judge Gardner is his forty-six page opinion issued after a four-day evidentiary hearing, i.e., that Defendant did not recruit Plaintiff's current or former employees:

> Defendant has not targeted current employees of plaintiff or any other company. Defendant does not utilize headhunters or solicit prospective employees. Most of defendant's employees start as temporary employees provided by an employment agency.
>
> Niotan hired former Cabot employees or consultants after they were laid off or their employment with Cabot was otherwise terminated. Niotan did not initiate contact with any Pennsylvania resident for the purpose of trying to recruit them to work for Niotan. No former Cabot employee has worked for Niotan in Pennsylvania.
>
> Defendant has hired 13 former employees or consultants of plaintiff. There have been roughly 20 other former Cabot employees who have contacted defendant about employment, but were never offered positions with Niotan.
>
> . . . .
>
> Don Bates is the only former Cabot employee with whom Niotan initiated

> direct contact.  Mr. Bates was living in Montana and working for Cabot on a consulting basis, which was not known by Niotan.  Niotan CEO John Crawley contacted Mr. Bates by telephone to inquire about his availability to consult for Niotan.
>
> At that time, Mr. Bates informed Mr. Crawley that he was currently consulting for Cabot.  Mr. Crawley explained to Mr. Bates that Mr. Bates could not consult for Niotan if he was consulting for Cabot.  Mr. Bates later left his consulting position with Cabot and began consulting for Niotan.  However, he did not consult for both companies at the same time.
>
> The rest of the former Cabot employees initiated contact with Niotan about employment, rather than Niotan contacting them about employment.

(Op. 16–17, Sept. 30, 2011, ECF No. 68).  Although the context of the previous hearing was jurisdictional discovery, these factual findings are indeed the law of the case applicable to the merits.  The allegations in paragraph 19 are directly contrary to Judge Gardner's findings, and the Court grants the motion to strike them.

In response, Plaintiff defends neither the second cause of action nor the challenged factual allegations but rather indicates that it intends to withdraw the FAC (which it did not do contemporaneously with filing the response), file a motion for clarification (which it also has not done), and then file a new amended complaint in conformance with the Court's clarification.  There is no need for further delay on the issue.  The present order is all the clarification required.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and Strike (ECF No. 309) is GRANTED, and paragraph 19 of the First Amended Complaint is STRICKEN.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge